UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN JAMES WALTERS,

     **Plaintiff,**

v.                                                    Case No. 8:25-cv-3298-JLB-AAS

MANATEE COUNTY et. al.,

     **Defendants.**

_____/

## <u>ORDER</u>

Plaintiff Bryan James Walters, proceeding pro se, requests an extension of the deadline to effectuate service of process and for the court to order the clerk to issue a summons for the Manatee County Sherriff's Office and Michael Beers. (Doc. 27).

In October 2025, Mr. Walters filed the complaint in the Manatee County Circuit Court. On December 3, 2025, the defendants removed the complaint to this court. (Doc. 1). On January 13, 2026, Manatee County moved to dismiss the case. (Doc. 17). Pending the resolution of the motion to dismiss, the District Judge stayed the case "as to discovery and all pending deadlines only." (Doc. 20). On March 23, 2026, Mr. Walters moved for summary judgment. (Doc. 22).

Mr. Walters explains "[t]he Clerks of Manatee County, Florida refused to issue the summons for the Manatee County Sheriff's Office, Michael Beers,

1

and the 12th SAO because they were not named in the caption of the complaint." (Doc. 27, p. 2). Mr. Walters requests the issuance of a summons for the Manatee County Sheriff's Office and Michael Beers, and an extension of the deadline to serve process.

"Upon filing a complaint, 'the plaintiff may present a summons to the clerk for signature and seal.' Fed. R. Civ. P 4(b). 'The plaintiff is responsible for having the summons and complain served within the time allowed by Rule 4(m).' Fed. R. Civ P. 4(c)(1)." *Pierce v. Kyle*, 445 F. App'x 201, 202 (11th Cir. 2011). Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Mr. Walters fails to demonstrate good cause for failure to serve the Manatee County Sheriff's Office and Michael Beers with the summons and complaint. *See Pierce*, 445 F. App'x at 202 (11th Cir. 2011) (finding no good cause to extend the deadline for service when the plaintiff argued the failure to serve was caused by the district court's failure to issue the summons). "[T]he plaintiff, not the court, is responsible for initiating service." *Id. See also* Fed. R. Civ. P. 4(b), Advisory Committee Note, 1993 Amendments ("The revised text

2

makes clear that the responsibility for filling in the summons falls on the plaintiff, not the clerk of court.").

In addition, no factors are present to grant an extension for service in the absence of good cause. *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding "that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). "[T]he Advisory Committee Note to Rule 4(m) [provides] guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause." *Id*. In the Note the Committee explained "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

In the Motion to Dismiss, Manatee County argues the relief Mr. Walters requests is already barred by the statute of limitations. Further, there are no allegations that the Manatee County Sheriff's Office or Michael Beers attempted to evade service.

Accordingly, Mr. Walters motion for the court to issue a summons and extend the deadline to effectuate service (Doc. 27) is **DENIED**.

**ORDERED** in Tampa, Florida, on June 26, 2026.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4