UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN WALTERS,

      Plaintiff,

v.                                                               Case No:   8:25-cv-03298-JLB-AAS

STATE OF FLORIDA, et al.,

      Defendants.

                                          /

## ORDER

Plaintiff Bryan Walters, proceeding *pro se*, filed a complaint in Florida state court, claiming $500,000,000 in damages stemming from his arrest.  (Doc. 1-1). Specifically, he filed this complaint against Defendants State of Florida, City of Bradenton, Manatee County, Manatee County Sheriff's Office ("MCSO"), State College of Florida Manatee-Sarasota, MCSO Deputies[1] Michael Beers and JOHN DOE 1, Office of the State Attorney for the 12th Judicial Circuit ("12th SAO"), Florida Department of Law Enforcement, Florida Department of Agriculture and Consumer Services, and the Manatee County Pre-Trial Program (collectively, "Defendants"), in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, under 42 U.S.C. § 1983 alleging *Monell* liability, unreasonable seizure under the Fourth Amendment, and malicious prosecution.  He also raised Florida mass tort and negligence claims under the limited sovereign-immunity tort waiver

---

[1] The Complaint describes the law enforcement officers as "officers."  (Doc. 1-1 at ¶ 13).  However, the Court takes judicial notice that Sheriff's Office law enforcement officers are called "deputies."  (*See, e.g.*, Doc. 17 at 12).

provision of Florida Statutes § 768.28.  (Doc. 1-1).  Defendant Manatee County removed the case to this Court.  (Doc. 1).  Defendants State of Florida and the 12th SAO filed a Motion to Dismiss Plaintiff's Complaint.  (Doc. 13).  Plaintiff responded. (Doc. 14).  And Defendant Manatee County also filed a Motion to Dismiss Plaintiff's Complaint.  (Doc. 17).

**BACKGROUND**[2]

Construing the pro se complaint liberally, Plaintiff's claims arise from his arrest by Defendants MCSO Deputies Michael Beers and JOHN DOE 1.  (Doc. 1-1 at ¶ 9).  In the early morning hours of January 1, 2021,[3] Plaintiff was inside the Firkins Nissan car dealership, located at 800 Cortez Rd. West, Bradenton, FL.  (*Id.* at ¶ 11; *Id.* at 13–17).  The deputies arrested him for trespassing after hours.  (*Id.* at ¶ 13).  Plaintiff alleges that prior to his arrest, the deputies had maliciously followed him from the Wawa gas station at 2509 W. Cortez Rd., Bradenton, FL, in their marked MCSO vehicle as he was heading toward a Denny's on the same road as part of his usual morning routine from college.  (*Id.* at ¶ 12).  They then arrested

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Accordingly, this background section relies on the facts recited in the Complaint. (*See* Doc. 1-1).

[3] The Complaint alleges that Plaintiff was arrested on January 1, 2020, but the copy of the arrest record that Plaintiff attached to the Complaint demonstrates that the arrest took place on January 1, 2021. "[I]f the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (citation omitted).  Thus, the Court follows the exhibit.

2

him for trespassing. (*Id.* at ¶ 13). And Plaintiff made his first court appearance on January 2, 2021. First Appearance Order (Doc. 3 at 1), *State v. Walters*, No. 2021-MM-000020 (Fla. Cir. Ct. Jan. 4, 2021).[4]

Nearly *five years* later, on October 29, 2025, Plaintiff filed a four-count complaint against Defendants in the Twelfth Judicial Circuit Court in and for Manatee County, Florida. (*Id.*). The Complaint alleges 42 U.S.C. § 1983 claims of *Monell* liability, unreasonable seizure under the Fourth Amendment, and malicious prosecution, as well as state law claims of mass tort and negligence under Florida Statutes § 768.28. (*Id.*). Defendant Manatee County removed the case to this Court. (Doc. 1). Defendants State of Florida and the 12th SAO move to dismiss Plaintiff's Complaint. (Doc. 13). Plaintiff responds in opposition. (Doc. 14). Defendant Manatee County also moves to dismiss Plaintiff's Complaint. (Doc. 17).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). This plausibility

---

[4] The Court takes judicial notice of the public docket in Plaintiff's criminal case to ascertain this critical date. The court may take judicial notice of public records, such as other courts' dockets, because such documents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir.1999) (quoting Fed. R. Evid. 201(b)(2)).

standard is met when the plaintiff pleads enough factual content "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations in a complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

For a federal removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

4

The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

There are four categories of shotgun pleadings. *Id.* at 1321–23. The first and most common type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun pleading is one that does not "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. The fourth and final category of shotgun pleading is one "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

5

## DISCUSSION

I.    **Counts I and II's section 1983 claims are barred by Florida's four-year statute of limitations and, even if they were timely, they are shotgun pleadings.**

Claims not filed before the running of the applicable limitations period are barred as a matter of law. *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Id.* For tort actions in Florida, such as 42 U.S.C. § 1983 actions, the statute of limitations is four years. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing *Baker v. Gulf & W. Indus., Inc.*, 850 F.2d 1480, 1482 (11th Cir. 1988) ("[A]ctions for personal injury in Florida fall within the subsections enumerated in Fla. Stat. Ann. § 95.11(3), which provides for a four-year statute of limitations period.")).

In section 1983 cases, the statute of limitations accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (citation and internal quotation marks omitted). The statute of limitations for section 1983 claims seeking damages for wrongful arrest and false imprisonment "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 388–89, 397 (2007).

Here, Count I of the complaint is difficult to discern. Count I's title merely states "Violation of 42 U.S.C. § 1983 (Municipal Liability – Monroe vs. Pape)." (Doc.

6

1-1 at 2).  Count I alleges only that "[t]his action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights . . . secured by the Fourth and Fourteenth Amendments" and that "[d]efendants Manatee County and the Manatee County Sheriff's Office (MCSO), as local government entities, are being sued under the principles of municipal liability established in Monroe v. Pape."  (*Id.* at ¶¶ 7–8).  Yet Plaintiff fails to identify a specific policy, custom or practice of the local government entities amounting to deliberate indifference, as required for *Monell* claims.  (*See id.*).  Count II is titled, "Violation of the Fourth Amendment (Wrongful Arrest)" and proceeds to allege barebones facts about his arrest for trespassing.  (*Id.* at 3).  But Plaintiff's claims set forth in Counts I and II accrued as of January 2, 2021, (*id.* at 3, 13–17), which was the date of his first appearance commencing legal process and the day after he was arrested for trespassing in the Nissan dealership. *See Wallace*, 549 U.S. at 388–89; *Mullinax*, 817 F.2d at 716.  Therefore, Plaintiff needed to bring his claim on or before January 2, 2025.  *See Burton*, 178 F.3d at 1188.  Plaintiff, however, commenced this action in state court on October 29, 2025, approximately ten months after the statute of limitations had run.  (Doc. 1-1 at 11). Thus, the section 1983 Fourth Amendment claims for wrongful arrest and wrongful imprisonment, as well as the *Monell* claims stemming from that wrongful arrest and wrongful imprisonment, are time-barred.

Even if Count I were not time-barred, Count I is an improper shotgun pleading.  *See Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient

clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."); *see also Boatman v. Town of Oakland*, 76 F.3d 341, 343 n.6 (11th Cir. 1996) (characterizing as a "'shotgun' pleading" a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested). Plaintiff fails to provide detailed allegations to allow the named Defendants in Count I to properly respond to the Complaint, rendering it an impermissible shotgun pleading.

Count II is also a shotgun pleading. Count II seems to adopt, by implication, the section 1983 claims in Count I, leaving it unclear which claims are being brought against which defendants. (Doc. 1-1 at ¶¶ 7–22); *see Weiland*, 792 F.3d at 1321–23. Plaintiff fails to separate into a different count each cause of action or claim for relief. (Doc. 1-1 at ¶¶ 10–22); *Weiland*, 792 F.3d at 1322–23. And Count II is riddled with conclusory, vague, and immaterial facts regarding agency reports and state compliance metrics not obviously connected to any particular cause of action. (Doc. 1-1 at ¶¶ 10–22).

Furthermore, Count II includes "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (*Id.*); *see Weiland*, 792 F.3d at 1323. Like Count I, Count II fails to provide adequate notice to the defendants of the claims against them and the grounds for those claims. *See Weiland*, 792 F.3d at 1323. The purported Florida claim of malicious prosecution is properly dismissed on shotgun pleading grounds. And as will be explained, Count

8

II's Florida claim of malicious prosecution is dismissed without prejudice and remanded to the Florida state court for its decision whether Plaintiff is entitled to leave to amend that portion of Count II.

## II.   Count III is barred by Eleventh Amendment immunity.

The Eleventh Amendment bars suits against states or state agencies in federal court unless a state has waived its sovereign immunity or Congress has abrogated it. *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001)). In 42 U.S.C. § 1983 cases, Congress has not abrogated Eleventh Amendment immunity. *Nichols*, 815 F.3d at 731. The State of Florida has not waived its Eleventh Amendment immunity for section 1983 suits in federal court. *See* Fla. Stat. § 768.28(18); *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1513–15 (11th Cir. 1986). And suits in federal court brought against a state without an explicit abrogation of Eleventh Amendment immunity should be dismissed. *Gamble*, 779 F.2d at 1513–15.

Here, Count III of the Complaint alleges that the 12th SAO maliciously prosecuted Plaintiff, because it "failed to properly exercise its prosecutorial discretion, including the alleged failure to relieve the Plaintiff of the matter prior to formal charges or offer the Plaintiff a VCR program (Voluntary Compliance or Pretrial Diversion)." (Doc. 1-1 at ¶ 25).[5] Because the 12th SAO is a state entity,

---

[5] Count III is also a shotgun pleading: it seems to adopt the § 1983 claims of Count I and the factual allegations of Count II by implication. (Doc. 1-1 at ¶¶ 7, 9, 18, 23); *see Weiland*, 792 F.3d at 1321–23. And Count III fails to separate into a different

9

and none of the above exceptions to the protection of the Eleventh Amendment apply here, this Court does not have subject matter jurisdiction over the claims here. *See Nichols*, 815 F.3d at 731; *see also Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) ("[T]he Eleventh Amendment extends to state agencies and other arms of the state."). Therefore, the federal claim of malicious prosecution in Count III against the 12th SAO is dismissed without prejudice.

### III. The court declines to exercise supplemental jurisdiction over the remaining state law claims.

The Court lacks independent subject-matter jurisdiction over the remaining state law claims, including the malicious prosecution claim under Count III and the Mass Tort and Negligence claims under Count IV. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). These are state-law claims that cannot, by themselves, support federal-question jurisdiction. 28 U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). And there is no diversity jurisdiction where the Plaintiff and Defendants are Florida citizens or entities. (Doc. 1-1 at 2); *see* 28 U.S.C. § 1332.

Though a federal court may exercise supplemental jurisdiction over state law claims where those claims arise from the same conduct and circumstances as the

---

count each cause of action or claim for relief. *Weiland*, 792 F.3d at 1322–23. Like the previous counts, Count III asserts multiple claims and fails to provide adequate notice to the defendants of the claims against them and the grounds for those claims. *See id.* at 1323. It is properly dismissed on those grounds as well.

10

federal claims, there are no federal claims remaining here because the Court has dismissed the section 1983 claims of Count I, Fourth Amendment claims of Count II, and the federal malicious prosecution claim of Count III. *See* 28 U.S.C. § 1367; (Doc. 1-1). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's Complaint.

The Court may decline to exercise supplemental jurisdiction over such claims after the Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Whether to exercise supplemental jurisdiction over these state law claims is a decision "vested in the sound discretion of the district court." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).

"Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). In the interest of judicial economy, convenience, fairness, and comity, "[s]tate courts, not federal courts, should be the final arbiters of state law." *Id.* (citing *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992)).

Here, there remains no independent federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state law claims. And the Court, in its discretion, declines to exercise supplemental jurisdiction over state law claims in a case originally filed in state court and subsequently removed to federal court. This Court finds that the state law claims remaining in the action are best resolved by the Florida courts. *See United Mine Workers of Am. v. Gibbs*, 383 U.S.

11

715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Consequently, the state law claims in Counts III and IV are remanded to the state court. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court . . . if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court.").

## CONCLUSION

Because the federal claims are dismissed in the case, there is no independent subject matter jurisdiction for the remaining state law claims. *See* 28 U.S.C. § 1367. The Court declines to exercise supplemental jurisdiction, and the state law claims are remanded to the state court. *See* 28 U.S.C. § 1447(c); *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) ("If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court[.]").

For the foregoing reasons, it is **ORDERED** that:

12

1) Defendants' Motions to Dismiss (Docs. 13, 17) are **GRANTED in part and DENIED in part**.

2) The *Monell* wrongful arrest and wrongful imprisonment claims of Count I (Doc. 1-1) are **DISMISSED with prejudice**, and the malicious prosecution claim in Count I is **DISMISSED without prejudice.**

3) The section 1983 Fourth Amendment wrongful arrest and wrongful imprisonment claims in Count II are **DISMISSED with prejudice**, and the Florida state malicious prosecution claim in Count II is **DISMISSED without prejudice as a shotgun pleading.** The Florida state court would decide any leave to amend on remand.

4) The federal claim of malicious prosecution in Count III is **DISMISSED without prejudice**.

5) The Florida state-law claims in Counts III and IV are **REMANDED** to the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida**.**

6) Plaintiff's motion for summary judgment (Doc. 22) is denied as moot.

7) The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida.

8) The Clerk of Court is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the file.

**ORDERED** in Tampa, Florida on July 1, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE